

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RAYMOND A. CLARK,

    Petitioner,

VS.                              No. 05-1092-T/An

DAVID MILLS,

    Respondent.

---

ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Petitioner Raymond Andrew Clark, Tennessee Department of Correction prisoner number 292729, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 on March 28, 2005, and paid the $5.00 habeas filing fee. The Clerk shall record the respondent as WTSP warden David Mills, and terminate Tony Parker as a party to this action.

I.    STATE COURT PROCEDURAL HISTORY

On March 23, 1998, Clark entered a plea of guilty in the Shelby County Criminal Court to one count of attempt to commit first degree murder, one count of attempt to commit second degree murder, one count of aggravated burglary, and one count of aggravated

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 10/18/05

assault. On June 3, 1998, he was sentenced to concurrent terms of twenty years for the attempt to commit first degree murder, ten years for the attempt to commit second degree murder, eight years for the aggravated burglary, and three years for the aggravated assault. Judgment was entered on June 30, 1998. Clark did not file a direct appeal.

On May 29, 2001, Clark filed a petition for a writ of habeas corpus pursuant to Tenn. Code Ann. § 29-21-101 *et seq.* in the Shelby County Criminal Court. The trial court denied the petition on June 13, 2001 for failure to state a claim. The court also noted that, to the extent the petition could be construed as a petition for postconviction relief, pursuant to the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -122,[1] it was untimely. Clark did not perfect his appeal to the Tennessee Court of Criminal Appeals until August 30, 2001. Clark requested permission to file a late appeal because his notice was originally filed with the wrong court, but the Tennessee Court of Criminal appeals determined that his underlying claim was not cognizable in a habeas petition and denied permission to file a late appeal. Clark v. State, No. W2001-02109-CCA-MR-CD (Tenn. Crim. App. Sept. 21, 2001).[2]

---

[1] At that time, the Tennessee Post-Conviction Procedure Act was codified at Tenn. Code Ann. §§ 40-30-201 to -222. The statutory provisions were renumbered as Tenn. Code Ann. §§ 40-30-101 to -122 in 2003, without changing their substance.

[2] Subsequently, on October 5, 2004, Clark filed a "Motion to Re-Open Post-Conviction or Writ of Habeas Corpus" in the Shelby County Criminal Court in order to seek relief on the basis of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). The trial court summarily dismissed the petition on October 7, 2004, and the Tennessee Court of Criminal Appeals affirmed. Clark v. State, No. W2004-02503-CCA-R3-PC, 2005 WL 1420890 (Tenn. Crim. App. June 16, 2005).

2

Clark filed a petition pursuant to 28 U.S.C. § 2254 in the Western Division of this district on October 22, 2001 challenging his conviction and sentence. District Judge Bernice B. Donald issued an order on October 30, 2001 dismissing the petition as time barred and denying a certificate of appealability. Clark v. Raney, No. 01-2861-D/V (W.D. Tenn.). Judgment was entered on November 7, 2001. Clark filed a notice of appeal, but the Sixth Circuit denied a certificate of appealability. Clark v. Raney, No. 01-6549 (6th Cir. Nov. 19, 2002).

Clark had his first parole hearing in May 2001, at which time parole was denied due to the seriousness of the offense. The Tennessee Board of Probation and Paroles (the "Board") determined that Clark would next be eligible for parole in three years.

Clark had his second parole hearing on May 7, 2004. He was again denied parole due to the seriousness of the offense, and the Board determined that he would next be eligible for parole in three years. Clark sought appellate review by the Board pursuant to Tenn. Code Ann. § 40-28-105(d)(11), which was denied on June 30, 2004.

On September 21, 2004, Clark filed a *pro se* petition for a writ of habeas corpus, pursuant to Tenn. Code Ann. § 29-21-101 *et seq.*, in the Lake County Circuit Court challenging the Board's denial of parole. The trial court denied the petition on October 4, 2004 on the ground that the claim was not cognizable in a habeas proceeding. The Tennessee Court of Criminal Appeals affirmed. Clark v. Parker, No. W2004-02488-CCA-R3-HC, 2005 WL 578822 (Tenn. Crim. App. Mar. 11, 2005).

## II. PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, Clark challenges the Board's 2004 decision denying his release on parole. Allegedly, he was presumptively eligible for release according to the Board's Parole Release Decision Making Guidelines, which he contends creates a liberty interest in parole release. He complains that, although the Guidelines specify that a reason be given when departing from the guidelines, in his case the board members cited only the seriousness of the offense, which he contends is not an appropriate basis for departure.

## III. ANALYSIS OF THE MERITS

The first matter to be considered is whether this petition is second or successive within the meaning of 28 U.S.C. § 2244(b), such that this Court lacks authority to consider it without prior authorization from the Sixth Circuit. Clark previously filed a § 2254 petition in 2001 attacking his conviction and sentence, which was denied. He now seeks to file a § 2254 petition challenging the denial of parole in 2004. The issues raised in this petition are completely different from those raised in the 2001 petition, and none of the issues presented in the instant petition was available to Clark when he filed his first petition in 2001.

The Sixth Circuit has not had occasion to consider, in a published opinion, whether a § 2254 petition filed by a state prisoner challenging a parole denial is second or successive within the meaning of § 2244(b) where the prisoner had previously filed a § 2254 petition challenging the validity of his conviction or sentence. Other circuits have held that the

challenges to the denial of parole are not second or successive in these circumstances. <u>Hill v. Alaska</u>, 297 F.3d 895, 897-99 (9th Cir. 2002); <u>Crouch v. Norris</u>, 251 F.3d 720, 723-25 (8th Cir. 2001).[3] The court finds the reasoning of these decisions to be persuasive and, therefore, concludes that this petition is not second or successive within the meaning of 28 U.S.C. § 2244(b) and, therefore, prior authorization from the Sixth Circuit is not required.

Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
 (A) the applicant has exhausted the remedies available in the courts of the State; or
 (B) (I) there is an absence of available State corrective process; or
  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

---

[3] The state of the law in the Sixth Circuit is unclear, although there is some indication this petition would not be viewed as second or successive. In <u>In re Slatton</u>, No. 97-0378, 1998 WL 661148 (6th Cir. Sept. 1, 1998), an unpublished decision, a Sixth Circuit panel held that a petition challenging parole proceedings, filed after a previously submitted petition was dismissed with prejudice due to a procedural default, is not a second or successive application for purposes of § 2244(b). In so holding, the panel explained that habeas petitions challenging the denial of parole can only be brought under 28 U.S.C. § 2241, <u>id.</u> at *3, and the restrictions on second or successive petitions found in § 2244(b) are applicable only to § 2254 petitions. <u>Id.</u> It appears, therefore, that the Sixth Circuit in <u>Slatton</u> converted a § 2254 petition to one brought under § 2241 <i>sua sponte</i>.

Subsequently, however, the Sixth Circuit endorsed the Seventh Circuit's statement that "'[r]oughly speaking, . . . § 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because . . . bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.'" <u>Greene v. Tennessee Dep't of Correction</u>, 265 F.3d 369, 371 (6th Cir. 2001) (quoting <u>Walker v. O'Brien</u>, 216 F.3d 626, 633 (7th Cir. 2000)).

In <u>Long v. Kentucky</u>, 80 Fed. Appx. 410 (6th Cir. Aug. 21, 2003), another unpublished opinion, a prisoner filed a § 2241 petition challenging restrictions imposed on him by a sex offender treatment program. Similar issues had previously been litigated in § 2254 petitions. The Sixth Circuit, relying on <u>Greene</u>, held the provisions of § 2244(b) to be applicable to that § 2241 petition. 80 Fed. Appx. at 414. Because those claims had already been raised in prior applications, and because the requirements of § 2244(b)(2) had not been satisfied, the panel affirmed the dismissal of the petition by the district court. <u>Id.</u> at 414-15.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. E.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing § 2254 Cases ("§ 2254 Rules"). A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. 28 U.S.C. § 2254(c); Preiser v. Rodriguez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust his state remedies, the petitioner must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'" Id. at 163 (quoting Picard, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." Id.

Conversely, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Id. When a petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies.

6

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987). He has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim. Pillette, 824 F.2d at 497-98. The claims must be presented to the state courts as a matter of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, the state court decision must rest primarily on federal law. Coleman v. Thompson, 501 U.S. 722, 734-35 (1991). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the petitioner ordinarily is barred by this procedural default from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). However, the state-court decision need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue. Smith v. Digmon, 434 U.S. 332 (1978) (per curiam); see also Baldwin v. Reese, 541 U.S. 27, 30-32 (2004) (a federal habeas claim is fairly presented to a state appellate court only if that claim appears in the petitioner's brief).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright v. Sykes, 433 U.S. at 87-88; Rust, 17 F.3d at 160.

In this case, Clark sought appellate review from the Board, pursuant to Tenn. Code Ann. § 40-28-1059(d)(11) and, when that proved unsuccessful, filed a petition for a writ of habeas corpus pursuant to Tenn. Code Ann. § 29-21-101 *et seq.* Clark was denied relief on the basis that his challenge to the denial of parole is not cognizable in a state habeas petition.

Clark did not properly exhaust his claim in state court. Inmates who are dissatisfied with decisions of the Board "may obtain judicial review using a petition for common law writ of certiorari. This petition limits the scope of review to a determination of whether the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." Phifer v. Tennessee Board of Parole, 2002 WL 31443204, at *3 (Tenn. Ct. App. Nov. 1, 2002); see also Robinson v. Traughber, 13 S.W.3d 361, 363 (Tenn. Ct. App. 1999); Turner v. Tennessee Bd. of Paroles, 993 S.W.2d 78 (Tenn. Ct. App. 1999). The procedures applicable to common law writs of certiorari are set forth in Tenn. Code Ann. §§ 27-9-101 *et seq.* See Davis v. Maples, 2003 WL 22002660, at *3 (Tenn. Ct. App. Aug. 25, 2004). Claims such as those raised in this petition are routinely raised in state court using this procedure. See, e.g., Moss v. Tennessee Bd. of Probation & Parole, 2004 WL 2583898, at *2 (Tenn. Ct.

8

App. Nov. 12, 2004); York v. Tennessee Bd. of Probation & Parole, 2004 WL 305791, at *1-*2 (Tenn. Ct. App. Feb. 17, 2004); Phifer, 2002 WL 31443204, at *3-*4; Robinson, 13 S.W.3d at 363-65; Arnold v. Tennessee Bd. of Paroles, 956 S.W.2d 478, 482-83 (Tenn. 1997). Because Clark did not file a petition for a common law writ of certiorari, he failed to properly exhaust this claim in state court.

Pursuant to Tenn. Code Ann. § 27-9-102, a petition for a writ of certiorari must be filed within sixty days from the entry of the order or judgment at issue. Tennessee courts have dismissed petitions as time barred for failure to file within the time specified by § 27-9-102. See, e.g., Turner, 993 S.W.2d at 80; Sullivan v. Tennessee Bd. of Paroles, 1993 WL 414843 (Tenn. Ct. App. Oct. 20, 1993). Accordingly, as Clark no longer has any means of exhausting his claims in state court, each and every one of the claims asserted in this petition is deemed exhausted but procedurally barred.

Because it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, § 2254 Rules. Accordingly, the petition is DISMISSED.[4]

IV.   APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

---

[4] This conclusion is not altered by the Supreme Court's decision in Wilkinson v. Dotson, 125 S. Ct. 1242 (2005), which held that prisoners can challenge unconstitutional parole procedures under 42 U.S.C. § 1983.

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a

judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA: "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[5]

In this case, there can be no question that any appeal by this petitioner on any of the issues raised in this petition does not deserve attention as the petition is time barred. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913

---

[5] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 13th day of October, 2005.

James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 1:05-CV-01092 was distributed by fax, mail, or direct printing on October 18, 2005 to the parties listed.

---

Raymond Andrew Clark
W.T.S.P.
292729
P.O. Box 1150
Henning, TN 38041--115

Honorable James Todd
US DISTRICT COURT