IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND A. CLARK, | ◊ | |
| | ◊ | |
| Petitioner, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 05-1092-T/An |
| | ◊ | |
| DAVID MILLS, | ◊ | |
| | ◊ | |
| Respondent. | ◊ | |

ORDER DENYING MOTION TO REHEAR PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Raymond Andrew Clark, Tennessee Department of Correction prisoner number 292729, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 on March 28, 2005. On October 14, 2005, the Court issued an order dismissing the petition and denying a certificate of appealability.[1]  Judgment was entered on October 19, 2005. On October 28, 2005, petitioner filed a notice of appeal. On January 24, 2006, the Court received and filed petitioner's "Motion to Rehear Writ of Habeas Corpus Petition" which is dated January 21, 2006.

The Court construes petitioner's motion to rehear as a motion pursuant to Federal Rule of Civil Procedure 60(b). The rule provides that a final judgment or order may be set aside for the reasons enumerated in six subsections. However, the standard for relief from a final

---

[1] The Court also certified that an appeal would not be taken in good faith and denied leave to appeal *in forma pauperis*.

judgment under Rule 60 is strict. See <u>INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.</u>, 815 F.2d 391, 398 (6th Cir. 1987). Relief is available only in exceptional circumstances. <u>Ricker v. American Zinser Corp.</u>, 506 F. Supp. 1 (E.D. Tenn. 1978), *aff'd*, 633 F.2d 218 (6th Cir. 1980).

> Subsection (1) of Rule 60(b) provides:
>
> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . . The motion shall be made within a reasonable time . . . .

A motion under Rule 60(b)(1) is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

<u>Cacevic v. City of Hazel Park</u>, 226 F.3d 483, 490 (6th Cir. 2000) (quoting <u>Yapp v. Excel Corp.</u>, 186 F.3d 1222, 1231 (10th Cir. 1999)); <u>see also</u> <u>United States v. Reyes</u>, 307 F.3d 451, 455 (6th Cir. 2002).

The Sixth Circuit considers errors of law to be a ground for relief under Rule 60(b)(1). <u>Barrier v. Beaver</u>, 712 F.2d 231, 234 (6th Cir. 1983), *cited in* <u>Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974</u>, 770 F.2d 449, 451-52 (6th Cir. 1985). The Court in <u>Barrier</u> also held that a motion under Rule 60(b)(1) based on legal error is brought within a "reasonable time" only when relief is sought within the normal time for taking an appeal. 712 F.2d at 234; <u>Pierce</u>, 770 F.2d at 451.

In this case, because the petitioner's motion to rehear was not filed within the time for

taking an appeal, it was not filed within a reasonable time and may be denied on that basis alone. However, the motion to rehear also is subject to denial on the merits.

Petitioner asserts that the Sixth Circuit's decision in Jackson v. Jamrog, 411 F.3d 615 (6th Cir. 2005), issued on June 2, 2005, provides authority supporting the relief he seeks. Jackson involved a federal habeas petition challenging the constitutionality of a Michigan statute that prevents a Michigan state prisoner from seeking judicial review of the Michigan parole board's discretionary decision to deny release, while allowing prosecutors and victims to seek judicial review of the board's decision to grant immediate release. Id. at 616-17.

The Sixth Circuit affirmed the district court's denial of habeas relief in Jackson. The Court of Appeals recognized that the United States Constitution does not provide a fundamental right to parole, id. at 619, and noted that under the Michigan statutory scheme, a prisoner

> who is denied parole may, under certain circumstances, test the ruling of the parole board by means of "a complaint for habeas corpus" ("where [for example] the Parole Board has denied a prisoner parole exclusively on the basis of his race, religion, or national origin") or by means of "an action for mandamus" ("to compel compliance with a statutory duty"). Morales, 676 N.W.2d at 229-30. Thus, concluded the Morales court, a Michigan prisoner denied parole is not "without recourse to have the judiciary review the legality of [the] inmate's imprisonment." Id. at 230.

Jackson, 411 F.3d at 619. This statement addresses only Michigan law; the Sixth Circuit did not hold, nor imply, that under Tennessee law, state habeas corpus is an appropriate method of challenging a decision of the parole board, as in fact, it is not. Clark v. Parker, No. W2004-02488-CCA-R3-HC, 2005 WL 578822 (Tenn. Crim. App. Mar. 11, 2005).

3

This Court determined that by failing to avail himself of the method open to him under Tennessee law for judicial review of the parole board's decision, a common law writ of certiorari, petitioner procedurally defaulted on his federal habeas claims. The Court is not persuaded that the decision in <u>Jackson</u> requires modification of that ruling.

Petitioner's motion to rehear is DENIED.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE